Robert L. Nabors Brevard County Attorney Titusville
QUESTION:
Does a county have the authority to require employees of state-certified contractors to comply with its local licensing and testing requirements?
SUMMARY:
Employees of a certified construction or electrical contractor are not exempted from the local licensing and testing requirements of counties or municipalities and must, therefore, comply with the local regulations for examination and licensing.
It appears that your question arises from the following factual situation. The Brevard County Board of County Commissioners has adopted an ordinance providing for regulation, licensing, and testing of certain types of building contractors and also certain types of journeymen and master craftsmen. The ordinance specifically exempts from the jurisdiction of the Brevard County Contractors' Licensing Board (set up to administer the county ordinance) any contractor certified by the Florida Construction Industry Licensing Board or the Florida Electrical Contractors' Licensing Board. It does not exempt the craftsmen who may be employed by such certified contractors, however. Accordingly, the county continues to require these employees of state-certified contractors to comply with its local licensing and testing requirements. The ordinance is presumptively valid. No special law to the contrary has been drawn to the Attorney General's attention. Cf. s. 1(f), Art. VIII, State Const. and s. 125.01(1), F. S. Your question is whether general law has preempted such regulation to the state.
Chapter 79-200, Laws of Florida, substantially revising part II of Ch. 468, F. S., governs licensing of construction contractors, and Ch. 79-272, Laws of Florida, substantially revising part VII of Ch. 468, regulates and requires licensing of electrical contractors. It is with the provisions of the 1979 revised acts that this opinion is concerned.
Chapter 79-200, Laws of Florida, regulates the construction industry by requiring contractors to be licensed by the Department of Professional Regulation as a prerequisite to practicing in Florida. Section 6(2), Ch. 79-200. To be licensed, a person must be either certified as a contractor or registered as a contractor. Sections 2(12) and 6(1), Ch. 79-200. A certified contractor must establish his competency and other qualifications for certification, which requires the passing of the appropriate examination administered by the department. Section 6(1), Ch. 79-200. A registered contractor is one who has registered with the department pursuant to fulfilling the competency requirements in the jurisdiction for which the registration is issued. Such contractors are not required to pass a statewide, department-administered examination but, in contrast to certified contractors, may engage in contracting only in those counties or municipalities in which they have fulfilled the requisite competency requirements. Sections 2(9), 6(1), and 8(1), Ch. 79-200.
A contractor is defined at s. 1(3), Ch. 79-200, Laws of Florida, to mean:
 [T]he person who is qualified for and responsible for the entire project contracted for and means, except as exempted in this act, the person who, for compensation, undertakes to, submits a bid to, or does himself or by others, construct, repair, alter, remodel, add to, subtract from, or improve any building or structure, including related improvements to real estate, for others, or for resale to others.
`Contracting' is defined to mean engaging in business as a contractor. Section 1(5), Ch. 79-200.
The requirements for certification or registration specifically apply only to those who wish to be licensed as contractors, as defined. Section 6(1), Ch. 79-200, Laws of Florida. If an individual wishes to be licensed as a contractor in his own name, registration or certification may be issued only to that individual. If, however, the applicant proposes to engage in contracting as a business organization, then the application shall be made through a `qualifying agent,' who shall be certified or registered as required. Section 9(1) and (2), Ch. 79-200. A person or business entity holding a certificate may engage in contracting in any area of the state upon exhibiting to the proper local official evidence of holding a certificate and paying the fee for the occupational license and building permit required of other persons. Section 6(4), Ch. 79-200. The local governing body may not require an examination of a certificate holder. Section 10(6), Ch. 79-200. I gather from your letter that the exemption from the examination requirements of the Brevard County ordinance given to contractors holding certification from the Construction Industry Licensing Board is in response to substantially the same provision in Ch. 468, F. S. 1977.
It should be stressed that the statutory provisions quoted above purport only to regulate contractors, as defined. Only contractors may be certified or registered, and only certified contractors are specifically given statutory exemption from municipal or county examinations. Moreover, s. 11(2), Ch. 79-200, Laws of Florida, specifically exempts from the provisions of the statute any employee of a licensee `who is a subordinate of such licensee if the employee does not hold himself out for hire or engage in contracting except as an employee,' but Ch. 79-200 does not exempt such employee from local requirements.
Chapter 79-272, Laws of Florida, regulates the practice of electrical contracting by requiring the registration or certification of such contractors unless specifically exempted by s. 12, Ch. 79-272. As with construction contractors, a person desiring to be certified must take the examination administered by the department. Section 5(1), Ch. 79-272. To be registered, no state-level examination is required, but the applicant must prove successful completion of the local examination and licensing requirements for the area in which he intends to practice. Section 6(3), Ch. 79-272. As with construction contractors, when an applicant proposes to do business as a sole proprietor, certification is issued to that applicant. Section 10(1), Ch. 79-272. A business organization must have a qualifying agent to take the examination and meet other requirements of law. Section 10, Ch. 79-272. A certified electrical contractor desiring to engage in contracting in any area of the state shall only, as a prerequisite therefor, be required to exhibit to the appropriate local official evidence of his holding a current certificate and pay the fee for the occupational license and permit required of other persons. Section 5(6), Ch. 79-272. As with construction contractors, employees and subordinates of a certified electrical contractor are not subject to the regulatory provisions of the statute so long as they do not hold themselves out for hire or engage in contracting except as employees. Section 12(2), Ch. 79-272.
In summary, the statutes governing construction and electrical contractors explicitly and by their express terms purport to regulate only contractors as defined and purport to exempt them from local county or municipal examination requirements; the statutes make no attempt to regulate at the state level employees of contractors, as defined, including journeymen and master craftsmen. Indeed, the statutes specifically exempt such employees from the regulatory scheme they impose. These employees are thus not required to obtain a state certificate of competency or license nor are they otherwise subject to state regulation. Cf. Chs. 59-1094, 59-1097, 59-1103, 63-1133, 63-1137, 71-554, and 72-476, Laws of Florida, which are special acts relating to the authority of Brevard County to regulate, inter alia, plumbing, electrical, building, heating, air conditioning, refrigeration, and ventilating contractors and in some cases masters and journeymen as well. And see s. 125.01(1)(h) and (i), providing:
 (1) The legislative and governing body of a county shall have the power to carry on county government. To the extent not inconsistent with general or special law, this power shall include, but shall not be restricted to, the power to:
 (h) Establish, coordinate, and enforce zoning and such business regulations as are necessary for the protection of the public.
 (i) Adopt, by reference or in full, and enforce building, housing, and related technical codes and regulations.
Whether there is otherwise the statutory authority for the local ordinances involved here is a judicial question; and for purposes of this opinion, it is assumed that the local government regulates master and journeyman craftsmen or tradesmen under presumptively and prima facie valid local ordinances consonant with municipal home rule or county governmental authority. See, e.g., ss. 125.01,166.021(3)(c), and 166.221, F. S., and ss. 1(f) and (g) and 2, Art. VIII, State Const. Assuming this to be true, the question is solely whether the Legislature, through enactment of Chs. 79-200 and 79-272, Laws of Florida, has preempted the areas of regulation of craftsmen and tradesmen. As shown by the discussion above, the statute makes no attempt to regulate such persons by these two general laws, and I have found no other inconsistent general or special law regulating them. Cf. AGO 073-27, wherein it was found that the Legislature has preempted the field of regulation of electrical contractors (at least of those electrical contractors certified by the state) and that, accordingly, any special or local law in conflict therewith was superseded by the general law. As noted, the statutes specifically exempt employee craftsmen and tradesmen from the state regulatory schemes. Accordingly, it is the opinion of this office that such employees of a certified construction or electrical contractor are not exempted from the local licensing and testing requirements of counties or municipalities and must, therefore, comply with the local regulations for examination and licensing.
Prepared by:
Frank A. Vickory Assistant Attorney General